# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC., and CAROL DELLINGER M.D., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00763-TWP-DML |
| | ) | |
| COMMISSIONER, INDIANA STATE DEPARTMENT OF HEALTH in his official capacity, PROSECUTORS OF MARION, LAKE, MONROE, AND TIPPECANOE COUNTIES in their official capacities, and THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA in their official capacities, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs filed pursuant to 42 U.S.C. § 1988 (Filing No. 134).  For the following reasons, the Plaintiffs' Motion for Attorneys' Fees and Costs is **granted.**

## I.  BACKGROUND

On March 24, 2016, House Enrolled Act No. 1337 ("HEA 1337"), which created new regulations of abortion and practices related to abortion, was signed into law.  Plaintiffs Planned Parenthood of Indiana and Kentucky, Inc. ("PPINK") and Carol Dellinger, M.D. sought to permanently enjoin the implementation and enforcement of several of the provisions of HEA 1337 on the grounds the provisions were unconstitutional. (Filing No. 1.)  Specifically, PPINK brought claims contending that the following provisions were unconstitutional: (1) the portions of HEA

1337 that the State of Indiana ("the State") labeled as the "Anti-Discrimination Provisions;" (2) the "Information Dissemination Provisions," which required that women be informed of the anti-discrimination provisions; and (3) The portions of HEA 1337 that required fetal tissue after a first-trimester abortion or miscarriage be disposed of as a "deceased human body." (Filing No. 80.) The State eventually conceded that in the event the Court found the anti-discrimination provisions to be unconstitutional the information dissemination provision was likewise unconstitutional. (Filing No. 78.)

On June 30, 2016, this Court granted PPINK's Motion for Preliminary Injunction on all its claims. (Filing No. 97.) The Seventh Circuit affirmed this Court's decision. *Planned Parenthood of Ind. & Ky., Inc.* 888 F.3d 300 (7th Cir. 2018). The United States Supreme Court denied *certiorari* concerning the anti-discrimination provisions, but reversed the judgment concerning the constitutionality of the fetal disposition provisions. *Box v. Planned Parenthood of Ind. & Ky., Inc.* 139 S. Ct. 1780 (2019) (*per curiam*). Thereafter, this Court entered final judgment in the case, consistent with the decision of the United States Supreme Court. (Filing No. 127.)

On November 27, 2019, PPINK filed a Motion for Attorneys' Fees and Costs, pursuant to 42 U.S.C. § 1988. PPINK's attorneys spent a total of 579.81 hours working on this case and 100% of its fees would be $267,352.75. PPINK requests the State pay the sum of $179,977.80 in attorneys' fees and $2,521.93 in costs for a total of $182,499.73. PPINK arrives at this amount by multiplying the individual attorneys' fees by various percentages depending on how much time each attorney spent on each issue. PPINK's counsel attached to the Motion detailed declarations and timesheets, showing how much time was spent working on the anti-discrimination provisions of the case, and how much was spent working on the disposal provision. (Filing No. 134.)

The State opposes PPINK's Motion. The State does not object to the hours that PPINK's attorneys worked on the case, nor does the State object to the hourly rates charged by the attorneys; rather, it contends that since PPINK prevailed on only one of its principal claims, the Court should award PPINK's counsel fifty percent (50%) of its lodestar amount for a total of $135,155.35.

## II.    LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, in any action brought pursuant to, *inter alia*, 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Despite the seemingly precatory language of this statute, the Supreme Court has established that a prevailing plaintiff is entitled to fees unless the defendants establish "special circumstances" that would make an award of fees unjust. *See*, e.g., *Hensley v. Eckerhart*, 461 U.S. 424, 428 (1983). "District courts have wide discretion to determine what constitutes reasonable attorneys' fees." *Moriarty v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

The most useful starting point for determining the amount of a reasonable fee is the lodestar calculation—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id. at* 433. This method may be adjusted by the Court to "reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). In this manner, the lodestar method yields a fee amount that is presumptively reasonable, *see Pa. v. Del. Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 565 (1986); *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010), yet defers to the district court's "greater familiarity with the case" regarding the reasonable number of hours expended on the case. In *Hensley* the Supreme Court noted the "lodestar" figure should be reduced to the extent that plaintiffs' counsel "failed to prevail on a claim unrelated to the successful claims, the hours

spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley* at 440. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. *Id.* at 437.

### III. <u>DISCUSSION</u>

PPINK brought an action asserting that three provisions of HEA 1337 were unconstitutional. While the State eventually conceded that in the event the Court found the anti-discrimination provisions to be unconstitutional, the information dissemination provision was likewise unconstitutional, this concession was not until *after* PPINK presented arguments as to why the provision was unconstitutional. Thus, PPINK seeks a proportional fee award for the time required on all successful claims; that being the claim concerning the unconstitutionality of the provision that would have required women to be informed of the "anti-discrimination provisions" as well as "information discrimination provisions."

The State acknowledges that PPINK is a "prevailing party" for purposes of a fee award under § 1988(b). (Filing No. 140 at 3.) However, because PPINK succeeded on only one of its two principal claims, the State argues that PPINK's attorneys' fees and costs should simply be reduced by 50% from the lodestar amount. They contend a 50% lodestar reduction will eliminate any possibility for arbitrary over- or underestimation of what percentage of time each attorney spent on each claim. *Id.*

For their part, PPINK's fee petition includes detailed information regarding each attorney's hourly rate and the claim(s) each attorney primarily worked on. (Filing No. 134.) Lead counsel, Kenneth Falk ("Falk"), whose rate is $500.00 per hour, worked primarily on the argument for the unconstitutionality of the anti-discrimination provision of HEA 1337. Falk worked a total of 285.58 hours and reduced his amount requested in attorney's fees by 20% for the District Court

and Court of Appeals work and by 40% for the Supreme Court and remand issues.  The reduction reflects the work he performed on the unsuccessful claim.  Falk also worked over fifteen hours in an attempt to pursue attorneys' fees and costs without the Court's assistance.

Gavin Rose ("Rose"), whose rate is $425.00 per hour, worked primarily on the arguments concerning the unconstitutionality of the information dissemination provision, and he worked a total of 86.98 hours.  Rose's attorney's fees requested were reduced by 20% for the District Court and Court of Appeals work and by 40% for the Supreme Court work to reflect the work he performed on the unsuccessful claim.

Jan Menz ("Menz"), whose rate is $375.00 per hour, worked primarily on the unsuccessful fetal tissue disposition claim.  He also worked on the anti-discrimination provision and the information dissemination provision arguments.  Menz worked a total of 142.23 hours on the case and reduced his attorney's fees in the District Court and Court of Appeals by 70% and the Supreme Court by 40% in order to reflect the work spent on the unsuccessful claims.

The Court is not persuaded by the State's argument.  By the State's own standards, PPINK was successful on two of their three claims, resulting in what should be 66% of the Lodestar amount awarded.  The Court agrees with PPINK that the more time-intensive claim in this action was the anti-discrimination provision.  Falk, the lead attorney on the successful claim, works at a rate $125.00 higher than the rate of the lead attorney who worked on the unsuccessful claim.  As a result, simply reducing the Lodestar amount by 50% would not produce reasonable attorneys' fees that reflect the work contributed to the successful claims.

The Seventh Circuit recognizes that, "[s]ome legal time will be a joint cost of winning and losing claims alike; it is compensable despite the losses." *Richardson v. City of Chicago, Ill.*, 740 F.3d 1099, 1103 (7th Cir. 2014).  If there are activities that are essentially indivisible between the

losing and winning claims so that the losing claim added no "marginal expense to the litigation," no discount should apply. *Id.* The State's 50-50 argument ignores not only the time spent on the information dissemination provision, but also the reasonable attorneys' fees billed for travel time to Chicago, Illinois for the Seventh Circuit argument for this case. Under the State's 50% proposition, the State would pay PPINK's attorneys for the trip to Chicago, but not the return trip. Accordingly, PPINK's reasonable formula for calculating its fees and costs is accepted by the Court.

## IV.   CONCLUSION

PPINK's attorneys are not seeking compensation for both of the claims in which they prevailed. The State does not contend that PPINK's computations for hours are erroneous or unreasonable. Instead, the State contends that reducing the Lodestar amount by 50% would produce the most reasonable attorneys' fees. The Court does not agree. For the reasons stated above, PPINK's Motion for Attorneys' Fees and Costs (Filing No. 134) is **GRANTED.** PPINK is awarded reasonable attorneys' fees in the amount of $179,977.80 and their reasonable costs in the amount of $2,521.93 for a total award of $182,499.73.

**SO ORDERED.**

Date:  2/25/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Helene T. Krasnoff
PLANNED PARENTHOOD FEDERATION OF AMERICA
helene.krasnoff@ppfa.org

Jennifer Dalven
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
jdalven@aclu.org

Kenneth Biggins, Jr.
INDIANA ATTORNEY GENERAL
kenneth.biggins@atg.in.gov
Thomas M. Fisher
OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov